**No. 62383.**—Frank P. Dow Co., Inc. v. United States, protest 279570–K (Portland, Oreg.).

OLIVER, Chief Judge:  This protest relates to certain miniature glass bottles, fitted with plastic cap and rubber nipple.  The items in question are identified on the invoices, covered by the entries involved herein, as follows:

| Entry number | Description of merchandise |
| --- | --- |
| 1308 | ME–100  Milk bottles as per sample, but "EVENBLOW" & "MADE IN JAPAN" marked, with rubber in plain & plastic cap in 2 pcs. |
| 2067 | ME–100  Glass Pet Feeding bottles |
| 2360 | ME–100  Glass Pet Feeding bottles |
| 2590 | ME–100  Glass Pet Feeding bottles |

Duty was assessed on the glass bottles with plastic cap at the rate of 50 per centum ad valorem under paragraph 218 (f) of the Tariff Act of 1930, as modified by T. D. 51802, as articles composed in chief value of glass, not specially provided for. The rubber nipples were separately assessed with duty at the rate of 12½ per centum ad valorem under paragraph 1537 (b) of the Tariff Act of 1930, as modified by T. D. 51802, as manufactures composed wholly of india rubber known as "hard rubber," not specially provided for.  Plaintiff claims that the merchandise is properly classifiable as toys, not specially provided for, under paragraph 1513 of the Tariff Act of 1930, as modified by T. D. 51802, carrying a dutiable rate of 35 per centum ad valorem.

Samples of the merchandise are in evidence (plaintiff's exhibits 1, 2–A, and 2–B).  They consist of small glass bottles, approximately 3 inches in height and 1½₆ inches in diameter.  Around the top is a black plastic cap with a hole in the center, where a tiny rubber nipple is fitted.  Plaintiff introduced three witnesses whose testimony shows that the articles in question are designed for, and are actually used by, children, particularly girls, in playing with a doll or a "dolly nursery set" (R. 24).  Counsel for the respective parties stipulated that the merchandise involved herein is "chiefly used for the amusement of children" (R. 64).

On the basis of the present record, we hold that the items in question, as hereinabove identified, are properly classifiable as toys and dutiable at the rate of 35 per centum ad valorem under paragraph 1513, as amended, supra, as claimed by plaintiff.

To the extent indicated, the protest is sustained and judgment will be rendered accordingly.